## J. B. WOOLFORK v. JOHN J. CALLOWAY.

**Common-Law Arbitration.**

> Where in a pending action without any order from the court the parties agree to submit certain questions of fact to two lawyers for settlement, it amounts to a common-law arbitration, and when pleaded in the cause is effective, though the state arbitration statutes are not followed, and such report will obviate the necessity of submitting such questions of fact to a jury.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

September 29, 1876.

OPINION BY JUDGE LINDSAY:

After the judgment of November 8, 1873, taking the petition of appellee for confessed, the only matter that remained in controversy was the value of the services rendered by the appellee. That question was submitted by the agreement filed December 23, 1874, to two attorneys-at-law.

The court made no order submitting the question to arbitrators, and neither party suggested that the pending action was to be discontinued. The parties undertook, through the intervention of referees, to ascertain and fix the sum for which judgment should be rendered upon the confessed petition.

The reference was not made under the statute. The agreement to arbitrate or refer was, in effect, a common-law submission of the matter in controversy, and the fact that it was evidenced by a written memorandum did not render it necessary that the provisions of the statute regulating statutory arbitrations should be followed.

The amended petition was, in fact, a supplemental petition informing the court that the amount for which judgment was to be rendered in the original action had been fixed in the mode agreed upon,

and that the necessity for inquiry by the jury had been obviated. There was no necessity for process upon this supplemental petition. It did not set up a new cause of action. It merely set up a fact material to the case, which had occurred after the filing of the original petition, and its filing was authorized by Sec. 162, Civil Code of Practice.

If appellant was not bound to take notice of the supplemental complaint, he was only entitled to be notified of the action of the court, and this notice could be served upon him, as well out of as in the county in which the action was pending.

The demurrer to the answer subsequently filed was properly sustained. The award of the referees could only be avoided, by some fact that would avoid a common-law award of arbitrators. No such ground was set up. Appellant had no right to raise an issue as to the value of the services rendered by appellee without first avoiding the award.

Therefore the demurrer did not admit the truth of his averments on that subject, and the motion of appellee to strike out such averments ought to have been sustained.

Judgment *affirmed.*

*Edwards & Seynour, for appellant.*

*Bullitt, Bullitt & Harris, for appellee.*